## Bowditch Mutual Fire Insurance Company *vs.* James Jackson.

In an action on the Rev. Sts. *c.* 37, §§ 36, 37, to enforce a lien of a mutual fire insurance company to secure the payment of assessments upon property insured by them, a certificate of discharge in insolvency is no bar to a special judgment authorizing a levy of execution upon that property only.

. Action of contract by a mutual fire insurance company to recover assessments for losses before January 1st 1852 upon a premium note dated December 24th 1847, whereby the defendant, in consideration of a policy from the company upon his cotton mill, promised to pay to the company or their treasurer for the time being " in such portions and at such time or times as the directors of said company may agreeably to their act of incorporation and by-laws require." " And the plaintiffs further say that by the provisions of the law and of the policy of insurance issued to the said defendant upon the said premium promissory note, they have a lien upon the property insured by said policy, and that they have given notice to the said defendant, and also to the Framingham Bank, the tenants who are in the possession of the property insured by said policy, and have demanded payment of the said defendant and also of the said Framingham Bank, and that they bring this suit to enforce their said lien, according to the provisions of " the Rev. Sts. *c.* 37, §§ 36, 37.

The validity of the assessments and lien was not denied; and the case was submitted to the decision of the court upon the following facts : The defendant on the 18th of May 1852 obtained a certificate of discharge of insolvency from all his debts on the 11th of October 1851. The Framingham Bank, holding a mortgage of the premises, entered for breach of condition thereof and to foreclose the same, upon the 8th of May 1851, and made a lease of the premises to the defendant, which was not recorded; and on the 5th of June 1852, purchased the defendant's equity of redemption, and thus acquired the whole title; and on the 23d of October 1852, agreed in writing with

the defendant and his assigns to sell the property to him for a consideration therein expressed, and to allow him to have possession of the property so long as he should perform his stipulations in that agreement. The defendant took possession and retained it until the 1st of July 1853, when, in writing and with the assent of the bank, he assigned all his interest under the agreement with the bank to Henry P. Parks, who immediately took possession, and remained in possession of the property on the 27th of January 1854, when the plaintiffs' treasurer in writing demanded of the defendant, and of the Framingham Bank, payment of said assessments, setting forth the sum due, and gave notice to each that if it was not paid, the plaintiffs intended to enforce their lien upon the property.

*W. C. Endicott*, for the plaintiffs.

*C. R. Train*, for the defendant. The defendant's certificate of discharge in insolvency protects him from any judgment in this action. The Rev. Sts. *c.* 37, §§ 36, 37, contain no provisions for a judgment against the property insured without making the owner, or the tenant in possession, a party to the record. The demand in this case was upon the defendant and the Framingham Bank; when the bank owned the fee, and Parks had the possession, and the defendant had no interest whatever in the estate. The party to be affected by the judgment is either the bank or Parks, neither of whom has been made a party to the record, or had an opportunity to be heard. The action should have been brought against the bank.

By the Court. The Rev. Sts. *c.* 37, §§ 36, 37, provide that every policy made by a mutual fire insurance company " shall of itself create a lien on the interest of the person insured in any building thereby insured, and in the land under the same, for securing the payment of his deposit note, and any sums for which he may be assessed in consequence of effecting such policy; provided the extent of such liability, and the intention of the corporation to rely upon such lien, shall be set forth in the policy;" (which is admitted to have been done in this case;) and that " if it shall become necessary to resort to such lien, for the payment of any sum secured thereby, the treasurer

of the corporation shall demand payment thereof from the assured or his legal representatives, and also from any tenant in possession of the insured premises, setting forth in writing the sum due ; and in case the same shall not be paid, the corporation may have an action therefor, and may levy any execution, issued in such action, upon the estate subject to the lien," and have the whole or any part of it sold to satisfy the lien.

Under this statute, in common cases, when the defendant had not obtained a certificate of discharge in insolvency, a general judgment might be entered against him, with a power to satisfy it in the mode indicated in the statute, by a sale of the property subject to the lien. In this case, the defendant having been discharged, a qualified judgment should be entered for the plaintiff, so as to affect the land subject to the lien, and not otherwise to affect the person or property of the defendant.

The defendant having no interest in defending the suit, had the Framingham Bank come in and asked him to defend, and offered to indemnify him against costs, we are inclined to the opinion that the bank might have done so ; and if the defendant had refused, it would be for the court to determine whether the bank should.

Perhaps it would be expedient to give actual notice to the party entitled to the land. But here the bank had such notice, before the suit was brought, as is sufficient to charge them with notice of the suit.

The court are therefore of opinion that the plaintiffs are entitled to judgment against the defendant for the sum due and costs, upon which they may sue out an execution directing the sheriff or his deputy to satisfy the execution by a levy upon the defendant's interest in the property insured, and to make no other service whatever, and this judgment is to stand as a warrant for the issuing of such an execution and for such a service thereof, and to have no other effect or operation whatever.

*Special judgment for the plaintiff.*